## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVATORE STABILE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GEM RECOVERY SYSTEMS,<br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff   (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through the undersigned attorneys, against Defendant GEM RECOVERY SYSTEMS (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal offices located at 800 Kinderkamack

Road, Suite 206N, Oradell, New Jersey 07649.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to September 5, 2018, an obligation was allegedly incurred to MONOC.

15. The alleged MONOC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged MONOC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. MONOC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the MONOC debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. MONOC directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. On or about September 5, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged MONOC debt. *See* **Exhibit A.**

22. The September 5, 2018 letter was sent or caused to be sent by persons employed by

Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The September 5, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Plaintiff received and read the Letter sometime after September 5, 2018.

25. The Letter stated in part:

> "…unless an acceptable arrangement for the Total Amount Due is reached within ten (10) days, we will, without any further notice to you, assign this account to our attorney for review and possible litigation."

26. The Letter was signed by Adriana Kynast, "Paralegal".

27. Upon information and belief, there is no attorney or paralegal associated with this debt collector or the alleged debt. The terms "our attorney" and "Paralegal" were being used to scare the consumer into thinking that "the price of poker has gone up" and that there would be an immediate risk of legal action if payment was not received.

28. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. By falsely representing that the Plaintiff's account would be referred to Defendant's attorney, the Defendant violated various provisions of the FDCPA and harmed the Plaintiff.

30. The purpose and effect of the threat to send the matter to an attorney for possible litigation is to mislead, deceive, and scare consumers into believing that a lawsuit for the alleged debt is imminent.

31. The acts and omissions of Defendant described above injured Plaintiff and the class members in a concrete way.  As a result of these acts and omissions, Plaintiff and the class members were subjected to threats and collection attempts from Defendant, which contained material misrepresentations that deceptively and misleadingly lied about sending the matter to a lawyer for possible litigation.  Plaintiff and the class members were left with the impression that a law suit was imminent, when in fact Defendant had

no intention of sending the matter to a lawyer at that time. In other words, Plaintiff suffered an informational injury as a result of being supplied false and misleading information. This injury also created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, might make payment decisions that he might not have made had he been given only truthful information. And the injury further created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, faced with imminent litigation, might make payment decisions that she might not have made had she been apprised of all truthful information related to the litigation status of the claim.

32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

33. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class")  consisting of: a) All consumers who have an address in the state of New Jersey b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to MONOC d) which states the account will be assigned to their attorney  (e) when no such intention exists (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

34. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

35. Excluded from the Plaintiff Class are the Defendant and all officers, members,

partners, managers, directors, and employees of the Defendant and their respective

immediate families, and legal counsel for all parties to this action and all members of

their immediate families.

36. There are questions of law and fact common to the Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendant's written communications to consumers, in the

forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

37. The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories.

38. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause them not to vigorously

pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

   (a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges,

        that the Plaintiff Class defined above is so numerous that joinder of all members

        would be impractical.

   (b)  **Common Questions Predominate:** Common questions of law and fact exist as

        to all members of the Plaintiff Class and those questions predominate over any

        questions or issues involving only individual class members. The principal issue

        is whether the Defendant's written communications to consumers, in the forms

        attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

   (c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members.

The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15  U.S.C. §1692e** *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. The Defendant violated said section in its letter to the Plaintiff by:

    a.  Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b.  Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5);

    c.  Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct   violated Section 1692e *et seq.* of the FDCPA, statutory damages, costs and attorneys' fees.


### DEMAND FOR TRIAL BY JURY·

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and undersigned as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d)    Awarding pre-judgment interest and post-judgment interest; and

(e)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 2, 2018

By:    /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*